IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

EDWARD LEE ROBERTSON,

    Plaintiff,

v.                                                                   No.: 15 1229

UNITED STATES OF AMERICA,

    Defendant.

---

### ORDER DIRECTING UNITED STATES TO RESPOND TO PETITION AND ORDER DENYING RELIEF UNDER *JOHNSON V UNITED STATES*

---

Before the Court is the *pro se* petition of Petitioner, Edward Lee Robertson, for habeas corpus relief under 28 U.S.C. § 2255 (the "Petition"). The United States has been served and is DIRECTED to file a response to the Petition within twenty-eight days of the entry of this order.

This case had been referred to the *pro se* unit for handling; however, before any action was taken by the staff attorney, a text entry was entered by the Clerk's office indicating that Robertson had requested relief pursuant to *Johnson v United States*, 135 S. Ct. 2551 (2015). (D.E. 4). In reviewing the Petition, the only reference to a "*Johnson*" case was to *United States v. Johnson*, 430 F.3d 383 (6th Cir. 2005), which had no relationship to the United States Supreme Court decision concerning the constitutionality of the residual clause under the Armed Career Criminal Act.

Nonetheless, in order to resolve any such potential *Johnson* claim, the Court will review the procedural history of his sentencing. Robertson was sentenced on February 5, 2015, on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was not

determined to be an armed career criminal under § 4B1.4 of the United States Sentencing Guidelines ("U.S.S.G. _____"), and his guidelines were computed under U.S.S.G. § 2K2.1. The prior convictions used to determine his base offense level under U.S.S.G. § 2K2.1(a)(2) were all controlled substances offenses as defined under § 4B1.2(b) (*see* Application Note 1, Commentary to § 2K2.1). The residual clause was not a factor in determining Robertson's sentence. Consequently, *Johnson v. United States*, 135 S. Ct. 2551 (2015), provides no relief for Petitioner.

IT IS SO ORDERED this 17th day of October 2016.

                                            **s/ J. DANIEL BREEN**
                                            CHIEF UNITED STATES DISTRICT JUDGE